UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| SOLERS, INC., | : |
| Plaintiff, | : |
| v. | : Case No. 1:14-cv-01548-LMB-JFA |
| INTERNAL REVENUE SERVICE, | : |
| Defendant. | : |

### MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

The Internal Revenue Service ("the Service") respectfully moves for summary judgment in favor of the Internal Revenue Service and against Solers, Inc. in this Freedom of Information Act ("FOIA") case.

As grounds for this motion, the Service avers that, in response to Plaintiff's FOIA request, it conducted an adequate search for the documents Plaintiff requested, and that all records responsive to Plaintiff's request have been disclosed to them. In addition, the Service avers that it is properly withholding six pages in full, and six pages in part. These pages have been properly withheld in full or in part pursuant to FOIA Exemption 3 in conjunction with 26 U.S.C. § 6103; FOIA Exemption 5; FOIA Exemption 6 and 7(C); and FOIA Exemption 7(E).

### BACKGROUND

On May 7, 2014, Solers, Inc. ("Solers") submitted to the Service a Freedom of Information Act ("FOIA") request. Exhibit 1. In its FOIA request, Solers requested all documents in the administrative file for the tax year 2010, "relating to the tax liabilities or potential assessed penalties associated with Solers…for the taxable year 2010." *Id*. The Service responded to Solers' request by releasing two hundred and thirty-five pages to Solers. Exhibit 2.

The Service withheld thirty-two of those two hundred and thirty-five pages in part. *Id.* The Service withheld twenty-six pages in full. *Id.* By letter dated July 16, 2014, Solers appealed the Service's determination. Exhibit 3. The Service denied the appeal. Exhibit 4. Solers filed the instant action on November 17, 2014. Compl., Doc. No. 1.

During the course of its review of the documents at issue, the Service determined that an additional forty-six pages could be released to Solers in full. Declaration of Joseph T. Maher, Jr. ¶11 ("Maher Decl."). The Service also determined that three additional pages could be released in part. *Id.* These pages have been released to Solers via a fedex dated March 2, 2015. As a result, at issue in this motion for summary judgment are the remaining six pages that the Service is withholding in full, and the remaining six pages that the Service is withholding in part. *Id.* at ¶13.

## ARGUMENT

FOIA actions "should be resolved through motions for summary judgment." Scheduling Order, Docket No. 11, p. 1; *see Hanson v. U. S. Agency for Int'l. Dev.*, 372 F.3d 286, 290 (4th Cir. 2004) (internal citation omitted); *also see Thompson v. United States*, No. 1:09cv1246 (JCC), 2010 WL 231782, at *2 (E.D.Va. Jan. 19, 2010) (internal citation omitted); *Mullen v. U.S. Army Criminal Investigation Command*, No. 1:10cv262(JCC/TCB) (internal citation omitted), 2011 WL 5870550, at *3 (E.D.Va. Nov. 22, 2011); *see Miscavige v. Internal Revenue Serv.*, 2 F.3d 366, 369 (11th Cir. 1993). Specifically, an agency must establish that it: 1) conducted a reasonable search for documents responsive to the plaintiff's request; and 2) is not improperly withholding any responsive pages. *See Carter, Fullerton & Hayes, LLC v. F.T.C.*, 601 F.Supp.2d 728, 734, 738 (E.D.Va. 2009); *Manna v. United States Dep't of Justice*, 832 F. Supp. 866, 870, 874-75 (D.N.J. 1993), *aff'd* 51 F.3d 1158 (3d Cir. 1995). If an agency resists

disclosure of a document, it has the burden of proving that the document is in fact exempt from disclosure. *Hanson*, 372 F.3d at 290 (internal citation omitted); *Carter, Fullerton & Hayes, LLC v. FTC*, 601 F.Supp.2d 728, 737-38 (internal citations omitted). An agency may meet its burden by submitting a declaration that:

> fairly describes the content of the material withheld and adequately states its grounds for nondisclosure, and if those grounds are reasonable and consistent with the applicable law, the district court should uphold the Government's position. The court is entitled to accept the credibility of the affidavits, so long as it has no reason to question the good faith of the agency.

*Carter*, 601 F.Supp. at 737-78 (internal citation omitted). "[T]he burden is upon the agency to prove *de novo* in trial court that the information sought fits under one of the exemptions to the FOIA." *Vaughn v. Rosen*, 484 F.2d 820, 823 (D. C. Cir. 1973) (footnote omitted).

No genuine issue of material fact exists with respect to Plaintiff's FOIA claim because the Service: 1) conducted a reasonable search for documents responsive to the FOIA request at issue; and 2) released all responsive pages, or responsive portions of those pages, that are not exempt from disclosure. The declarations submitted in conjunction with this motion for summary judgment clearly establish that the Service discharged its duty to conduct a reasonable search, and that the Service is not improperly withholding any responsive pages.

## I.   The Service Conducted a Reasonable Search for Records Responsive to Plaintiff's FOIA Request.

Under the FOIA, an agency has an obligation to perform a good faith search for documents responsive to a request. *See Rein v. U.S. Patent and Trademark Office*, 553 F.3d 353, 364 (4th Cir. 2009); *Oglesby v. United States Dep't of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990). The focus is on the reasonableness of the search, not the result of the search. An agency may rely upon its reasonably detailed, nonconclusory declarations submitted in good faith, in order to prove the adequacy of its search. *Rein*, 553 F.3d 353, 363 n. 14 (quoting *Ethyl Corp. v.*

3

*U.S. Envtl. Prot. Agency,* 25 F.3d 1241, 1246-47 (4th Cir. 1994); (citing *e.g.*, *Zemansky v. U.S. EPA.*, 767 F.2d 569, 571 (9th Cir. 1985)); *see Pollack v. B.O.P.*, 879 F.2d 406, 409 (8th Cir. 1989). The agency's declarations are entitled to a presumption of good faith. Once an agency establishes that its search was reasonable, then the burden shifts to the plaintiff to rebut the agency's evidence by showing that the search was not reasonable or was not conducted in good faith. *Ray v. U.S. Dep't of Justice*, 908 F.2d 1549, 1558 (11th Cir. 1990), *rev'd on other grounds*, *U.S. Dep't of State v. Ray*, 502 U.S. 164 (1991); *see also Carter, Fullerton & Hayes, LLC*, 601 F.Supp. 2d at 733-34 (discussing adequacy of search).

The Service discharged its duty to conduct a reasonable search. In this case, the Service has presented the declaration of Disclosure Specialist Cecilia Dorsey. Ms. Dorsey is a Senior Disclosure Specialist in the Office of Disclosure, within the Privacy, Governmental Liaison and Disclosure office of the Internal Revenue Service (the "Service"), in the Jacksonville, Florida field office. Cecilia Dorsey Declaration ¶1 ("Dorsey Decl."). She has been employed with the Service since August 22, 1982, and specifically with the Office of Disclosure since June 7, 1999. *Id.* Ms. Dorsey's duties require knowledge of the types of documents created and maintained by the various divisions and functions of the Service, how to search for indications of the existence of such documents, knowledge of procedures and requirements for making FOIA requests, and an understanding of the provisions of the FOIA, which exempts certain documents from disclosure in response to a request. *Id.* On May 21, 2014, Ms. Dorsey was assigned to work on Solers' FOIA request. *Id.* at ¶5.

Ms. Dorsey conducted a search for responsive documents using the Service's Integrated Data Retrieval System (IDRS), because this is the standard procedure for locating case files. Dorsey Decl. ¶6. The IDRS is an electronic system that consists of databases and operating

programs that support Service employees who are working active tax cases across the Service. *Id.* The IDRS system manages data that has been retrieved from the Master File. *Id.* The Master File System is the Service's nationwide electronic information system; it allows employees to take specific actions on taxpayer account issues, track statuses, and post transaction updates. *Id.* This system contains most taxpayer information, including taxpayer's account information. *Id.*

Ms. Dorsey began her search for responsive documents by entering Solers' Taxpayer Identification Number (TIN), which was provided in Plaintiff's FOIA request, into the IDRS system. Dorsey Decl. ¶7. She used the following command codes to search the IDRS system: BMFOLI (to retrieve an index of all the tax modules of the input TIN); BMFOLT (to retrieve all amounts, dates and posted transactions pertaining to tax year 2010); AMDIS (to retrieve a summary of all tax years and audits); and AMDISA (to determine the examination status of plaintiff's tax year). *Id.*

Ms. Dorsey searched the IDRS system and determined that Plaintiff had been under civil examination for the 2010 year. Dorsey Decl. ¶7. Plaintiff requested all documents in the administrative file for the tax year 2010, "relating to the tax liabilities or potential assessed penalties" for that 2010 year. Exhibit 1. Ms. Dorsey concluded that Plaintiff's examination administrative file would have any and all documents that would be responsive to Plaintiff's request. Dorsey Decl. ¶7. Ms. Dorsey then contacted the revenue agent who conducted Plaintiff's exam for the 2010 year, and requested access to the agent's administrative file relating to the 2010 year. *Id.* To the best of Ms. Dorsey's knowledge, all responsive pages that fell within the scope of Plaintiff's FOIA request were discovered through both her searches of the IDRS system, and her review of the administrative file she received from the revenue agent. *Id.*

To the best of Ms. Dorsey's knowledge, there are no other relevant systems or databases would contain responsive information. *Id.* To the best of Ms. Dorsey's knowledge, she has located all of the files that were responsive to Solers' request, and there are no other files pertaining to the examination of Plaintiff's 2010 tax year that would be located in any other office or location. *Id.*

The Service made a "good faith" effort to search for the documents at issue in this case, has demonstrated that it followed standard procedures, including a reasonable search methodology, in responding to the Solers' request; and has provided Solers with all responsive pages. Accordingly, the Court should find that the Service conducted a reasonable search for responsive documents.

## II. The Service Released an Additional Forty-Six Pages in Full, and Three Pages in Part.

Joseph T. Maher is a docket attorney in Branch 7 of the Office of the Associate Chief Counsel (Procedure and Administration). Maher Decl. ¶1. His duties require knowledge of the types of documents created and maintained by the various divisions and functions of the Service, and an understanding of the FOIA. *Id.* On or about December 1, 2014, Mr. Maher was assigned to assist the Department of Justice with respect to this case. *Id.* at ¶8. Mr. Maher requested, from the disclosure specialist who processed Plaintiff's FOIA request, copies of all documents located and reviewed in response to Plaintiff's FOIA request, including copies of the administrative file. *Id.* Mr. Maher has personally reviewed the documents at issue in this case. *Id.* at ¶2. He is familiar with the issues in this lawsuit. *Id.* Mr. Maher is familiar with the segregation requirement of subsection (b) of the FOIA for any non-exempt information contained in responsive agency records. *Id.* at ¶12. He has read and analyzed all of the documents at issue in this case, and has attempted to make every reasonably segregable non-exempt portion of every responsive document available to the Plaintiff. *Id.*

During the course of his review of the documents at issue, Mr. Maher determined that forty-six additional pages should be released to Solers in full. Maher Decl. ¶11. He also determined that three additional pages should be released in part. *Id.* As a result, at issue in this motion for summary judgment are the six pages the Service is withholding in full, and the six pages the Service is withholding in part. *Id.* at ¶12-13.

> **III. The Service Properly Withheld Six Pages in Full and Six Pages in Part Pursuant to FOIA Exemption 3 in Conjunction with 26 U.S.C. § 6103; FOIA Exemption 5; FOIA Exemption 6 and 7(C); and FOIA Exemption 7(E).**
>
> A. The Service Properly Withheld in Part and in Full the Return Information of Third Parties and DIF Scores Pursuant to FOIA Exemption 3 in Conjunction with 26 U.S.C. §6103(a) and §6103(b)(2).
>
> **1. The Service Properly Withheld Two Pages in Full and One Page in Part Pursuant to FOIA Exemption 3 in Conjunction with 26 U.S.C. §6103(a), and Properly Withheld Two Pages in Part Pursuant to FOIA Exemption 3 in Conjunction with 26 U.S.C. §6103(b)(2).**

The Service is withholding two pages in full and one page in part under FOIA exemption 3 in conjunction with 26 U.S.C. § 6103(a). Maher Decl. ¶14-15. The two pages being withheld in full under 26 U.S.C. §6103(a) consist of 1) a summary report written by the revenue agent conducting plaintiff's exam discussing the returns and return information of third parties, and 2) a graph created by the revenue agent who handled the investigation that contains the return information of third parties.[1] *Id.* at ¶15. The one page being withheld in part under 26 U.S.C. §6103(a) is a checklist used by the revenue agent that contains third party return information. *Id.* This third party return information has been redacted, and the rest of the page is being released. *Id.*

---

[1] These two pages are also being withheld pursuant to Exemption 5. *See infra*, Part B. In addition, the graph is being partially withheld pursuant to Exemption 6 and Exemption 7(C). *See infra*, Part C.

Exemption 3 of the FOIA provides that an agency need not disclose records that another statute exempts from disclosure:

> [The FOIA does not require the release of information] [s]pecifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters withheld.

5 U.S.C. §552(b)(3). If a court determines that a relevant statute exists and that the withheld information is within the statute's coverage, the information cannot be released. *Fund for Constitutional Gov't v. National Archives & Records Serv.*, 656 F.2d 856, 868 n.29 (D.C. Cir. 1981) (court has no discretion to release information covered by a qualifying statute, no matter how unwise or self-protective the statute may be); *Goland v. C.I.A.*, 607 F.2d 339, 350 n.65 (D.C. Cir. 1978) (sole issue is the existence of a relevant statute and the inclusion of information within the statute's coverage).

Courts have uniformly held that Section 6103 of the Internal Revenue Code qualifies as an Exemption 3 statute under the FOIA. *Grasso v. I.R.S.*, 785 F.2d 70, 77 (3d Cir. 1986) (citing *Lindsteadt v. I.R.S.*, 729 F.2d 998, 1003 (5th Cir. 1984)); *Chamberlain v. Kurtz*, 589 F.2d 827, 840 (5th Cir. 1979); *Fruehauf Corp. v. I.R.S.*, 566 F.2d 574, 578 (6th Cir. 1977)); *see also Long v. United States*, 742 F.2d 1173, 1178 (9th Cir. 1984) (citing 26 U.S.C. §6103); *see also Pully v. I.R.S.*, 939 F.Supp. 429, 437 (E.D. Va. 1996) (quoting 26 U.S.C. §6103). Section 6103 governs the disclosure of a taxpayer's tax returns or other "return information."[2] 26 U.S.C. § 6103(a).

---

[2] Among other things, "return information" includes:

> a taxpayer's identity, the nature, source, or amount of his income, payments, receipts, deductions, exemptions, credits, assets, liabilities, net worth, tax liability, tax withheld, deficiencies, overassessments, or tax payments, whether the taxpayer's return was, is being, or will be examined or subject to other investigation or processing, or any

(continued...)

8

"Return information" is a broad term intended to cover "virtually any information collected by the Internal Revenue Service regarding a person's tax liability." *Landmark Legal Foundation v. I.R.S.*, 267 F.3d 1132, 1135 (D.C. Cir. 2001) (citation and internal quotations omitted); *see also Payne v. United States*, 289 F.3d 377, 381 (5th Cir. 2002).

The two pages being withheld pursuant to Exemption 3 in conjunction with 26 U.S.C. §6103(a) contain, either in full or part, the names and other identifying details of third parties, or constitute data prepared by Service personnel with respect to a taxpayer's liability under the Code. Maher Decl. ¶17. The page being withheld in part under Exemption 3 in conjunction with 26 U.S.C. §6103(a) also contains third party return information – this third party return information has been redacted, and the rest of the page has been released. *Id.* Absent permission in a specific provision of the Code, third party return information cannot be disclosed to a plaintiff. *Id.* The Service properly withheld two pages in full and one page in part pursuant to FOIA Exemption 3 in conjunction with 26 U.S.C. §6103(a). *Id.*

### 2. The Service Properly Withheld Two Pages in Part Pursuant to Exemption 3 in Conjunction with Section 6103(b)(2), because these Pages Contain DIF Scores.

The Service is properly withholding two pages in part pursuant to Exemption 3 in conjunction 26 U.S.C. § 6103(b)(2).[3] Maher Decl. ¶18. These two pages are printouts from Plaintiff's account transcript; these two pages were printed from the Service's Individual Master

---

(… continued)
> other data, received by, recorded by, prepared by, furnished to, or collected by the Secretary with respect to a return or with respect to the determination of the existence, or possible existence, of liability (or the amount thereof) of any person under this title for any tax, penalty, interest, fine, forfeiture, or other imposition, or offense…

26 U.S.C. § 6103(b).

[3] Portions of these two pages are also being withheld in part pursuant to Exemption 7(E). *See infra*, Part D.

File system. *Id.* As explained above, this system is an application that compiles data from different sources across the Service. *Id.* This system can be used to generate a transcript containing tax return information for the individual. *Id.* The parts of the pages that were withheld pursuant to Exemption 3 in conjunction with 26 U.S.C. §6103(b)(2) contain Discriminant Information or "DIF" Scores. *Id.* This score is the standard by which the Service selects a return for examination. *Id.* The Service uses this score to measure the likelihood for change upon examination. *Id.* Releasing these scores would impair the Service's ability to assess, collect, and enforce tax laws. *Id.*

DIF scores are exempt from disclosure under FOIA exemption (b)(3) in conjunction with 26 U.S.C. §6103(b)(2). 26 U.S.C. §6103(b)(2) provides for the withholding of "standards used or to be used for the selection of returns for examination, or data used or to be used for determining such standards, if the Secretary determines that such disclosure will seriously impair assessment, collection, or enforcement under the internal revenue laws." 26 U.S.C. §6103(b)(2) prevents disclosure of DIF scores under the FOIA.

Gregory T. Armstrong is attorney in the Office of Chief Counsel, Internal Revenue Service (Service), and currently serves in the Office of Associate Chief Counsel (Procedure & Administration) as a Senior Technical Reviewer, Branch 7. Gregory T. Armstrong Declaration ¶1 ("Armstrong Decl."). Mr. Armstrong supervises Branch 7 attorneys when they are assisting the Department of Justice in defending the Service in litigation arising under the FOIA. *Id.* These duties require knowledge of the types of documents created and maintained by the various divisions and functions of the Service, and an understanding of the provisions of the FOIA which exempt certain types of documents from disclosure in response to a request. *Id.* Mr. Armstrong personally reviewed the documents at issue in this case, and is familiar with the issues in this

lawsuit. *Id.* at ¶2. He supervised Mr. Maher, the attorney assigned to assist the Department of Justice in this case. *Id.* Mr. Armstrong has also reviewed the declarations provided by Cecilia Dorsey and Joseph T. Maher. *Id.*

Based on his personal knowledge and review of the documents, and in his supervisory capacity as a Senior Technical Reviewer, Mr. Armstrong determined that the portions of these two pages that contain DIF scores should be withheld in part pursuant to Exemption 3 in conjunction with 26 U.S.C. §6103(b)(2). Armstrong Decl. ¶5-10. The Service properly withheld these two pages in part pursuant to Exemption 3 in conjunction with 26 U.S.C. §6103(b)(2). *Id.*

B. <u>The Service Properly withheld Six Pages in Full and One Page in Part Pursuant to FOIA Exemption 5.</u>

The Service is properly withholding six pages in full and one page in part pursuant Exemption 5. Maher Decl. ¶20. The six pages being withheld in full consist of: four pages of handwritten notes prepared by Service personnel in the course of Plaintiff's examination; one page containing a graph created by the revenue agent that contains the return information of third parties; and one page that is a summary report describing the process and the results of a review of third party return information.[4] *Id.* The one page being withheld in part pursuant to Exemption 5 reflects a communication between the revenue agent and the Service's Office of Chief Counsel. *Id.*

Exemption 5 protects from disclosure under the FOIA "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in

---

[4] The summary report prepared by the revenue agent and the graph are also being withheld under FOIA Exemption 3 in conjunction with 26 U.S.C. § 6103(a). *See supra*, Section A. The graph is additionally being withheld pursuant to Exemption 6 and Exemption 7(C). *See infra*, Part C.

11

litigation with the agency." 5 U.S.C. §552(b)(5). As the language suggests, Exemption 5 incorporates those privileges which the government enjoys in pretrial discovery under relevant statutes and case law. See *United States v. Weber Aircraft Corp.*, 465 U.S. 792, 799 (1984); *see also N.L.R.B. v. Sears, Roebuck* & Co., 421 U.S. 132, 148 (1975) ("Exemption 5 withholds from a member of the public documents which a private party could not discover in litigation with the agency."). "Exemption 5 encompasses, *inter alia*, 'the attorney-client privilege, the attorney-work product privilege, and the deliberative process privilege.'" *Am. Mgmt. Servs., LLC v. Dep't of the Army*, 842 F.Supp.2d 859, 872 (E.D.Va. 2012) (internal citation omitted).

The governmental deliberative process privilege is one of the privileges encompassed by Exemption 5. *See Sears, Roebuck & Co.*, 421 U.S. at 150; *Tax Analysts v. Internal Revenue Service*, 294 F.3d 71, 76 (D.C. Cir. 2002). The privilege protects "documents 'reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated.'" *Sears, Roebuck & Co.*, 421 U.S. at 150 (quoting *Carl Zeiss Stiftung v. V.E.B. Carl Zeis, Jena*, 40 F.R.D. 318, 324 (D.D.C. 1966)). In determining whether the governmental deliberative process privilege protects a particular document, the Court considers whether the document was pre-decisional, and whether it was deliberative in nature. *Am. Mgmt. Servs., LLC*, 842 F.Supp.2d 859 at 873; *Mapother v. Department of Justice*, 3 F.3d 1533, 1537 (D.C. Cir. 1993).

The six pages being withheld in full pursuant to the deliberative process privilege include four pages of the revenue agent's notes, a graph prepared by the revenue agent, and the agent's summary report. Maher Decl. ¶21. These pages were prepared in connection with Plaintiff's examination, and preceded the decision to make certain adjustments to Plaintiff's tax liability.

*Id.* As a result, the Service has properly withheld these documents pursuant to the deliberative process privilege aspect of Exemption 5.

Next, the attorney client privilege encompasses communications between an attorney and the client relating to a legal matter for which the client has sought professional advice. *Am. Mgmt. Servs., LLC*, 842 F.Supp.2d 859 at 872 (citing *Rein*, 553 F.3d at 375). It "additionally encompasses both the giving of professional advice by a lawyer and the giving of information to the lawyer for the purposes of obtaining such advice." *Id.* The one page being withheld in part pursuant to the attorney client privilege reflects a communication between the revenue agent and the Service's Office of Chief Counsel. Maher Decl. ¶21. Disclosure of this portion of the page would reveal an area of the exam for which the revenue agent sought legal advice. *Id.* Accordingly, this page is being withheld in part to protect attorney-client communication. *Id.* The Service properly redacted the page, and the rest of the page has been properly released to the Plaintiff. *Id.*

C. The Service is Properly Withholding Three Pages in Part Pursuant to FOIA Exemption 6 and 7(C).

The portions of the three pages that were withheld in part pursuant to Exemption 6 and 7(C) concern taxpayers who are not the Plaintiff. Maher Decl. ¶22. The one page being withheld in part pursuant to Exemption 6 and 7(C) is a graph containing identifying information of third parties. *Id.* at ¶15, 22.[5] The two pages being withheld in part pursuant to Exemption 6 contain the names and contact information of Service personnel who were consulted in connection with Plaintiff's examination. *Id.* at ¶22.

---

[5] This page is also being withheld pursuant to Exemption 3 in conjunction with 26 U.S.C. §6103(a), and Exemption 5. *See supra*, Section A and Section B.

Exemption 6 of the FOIA is the general personal privacy exemption. In particular, Exemption 6 applies to information about any particular identifiable individual. Exemption 7 of the FOIA is the personal privacy exemption specific to law enforcement records. Exemption 7 protects from disclosure certain "records or information compiled for law enforcement purposes…." 5 U.S.C. § 552(b)(7). The threshold determination under Exemption 7 is whether the documents at issue were (a) compiled by a law enforcement agency; and (b) compiled for a law enforcement purpose(s). *Abramson v. F.B.I.*, 456 U.S. 615, 622 (1982). Exemption 7(C) is a specific provision of Exemption 7 that protects from disclosure records or information compiled for law enforcement purposes that, if released, could reasonably be expected to constitute an unwarranted invasion of the personal privacy of individuals, who are not the Plaintiff, who are named in the investigation files. 5 U.S.C. § 552(b)(7)(C). The one page that was withheld in part under Exemption 6 and 7(C) was created and compiled during an examination of Plaintiff's tax returns for the 2010 year, in order to determine whether certain adjustments should be made to Plaintif's tax liability for that year.

Exemption 6 of the FOIA and Exemption 7(C) of the FOIA are frequently claimed and determined together because they both protect against the invasion of personal privacy. *See, e.g.*, *Dean v. F.D.I.C.*, 389 F. Supp. 2d 780, 792-793 (E.D. Ky. 2005). In applying the personal privacy exemptions under FOIA, the courts must balance the private and public interests involved. *United States Dep't of Defense v. Federal Labor Relations Auth.*, 510 U.S. 487, 495 (1994). The standard for identifying the public interest to be weighed against the privacy interest is the same under Exemption 7(C) and Exemption 6. *Id.* at 496 n. 6. Under the balancing test, a FOIA plaintiff is required to show that a "substantial public interest" in disclosure outweighs the privacy interests involved. *See Becker v. I.R.S.*, 34 F.3d 398, 404-05 (7th Cir. 1994); *Matter of*

*Wade*, 969 F.2d 241, 246 (7th Cir. 1992). Courts have found that if "a substantial privacy interest exists, then that interest must be balanced against any public interest in disclosure. [T]he only relevant public interest in the FOIA balancing analysis [is] the extent to which disclosure of the information sought would shed light on an agency's performance of its statutory duties' [sic] or otherwise let citizens know what their government is up to." *Juriewz v. U.S. Dep't of Agriculture*, 741 F.3d 1326, 1332 (D.C. Cir. 2014) (internal citations and quotations omitted).

Where a plaintiff has failed to demonstrate any superior public interest that would be served by disclosure, the competing interest of avoiding an unwarranted invasion of personal privacy takes precedence, and the information is exempt from disclosure. *See U.S. Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 762 (1989). An individual's interest in personal privacy is particularly strong when his or her name is mentioned in an agency's investigation files. *See Fitzgibbon v. CIA*, 911 F.2d 755, 767 (D.C. Cir. 1990) (quoting *Branch v. F.B.I.*, 658 F.Supp. 204, 209 (D.D.C. 1987)) ("'the mention of an individual's name in a law enforcement file will engender comment and speculation and carries a stigmatizing connotation'"). Releasing this page containing the graph – in full – would constitute an unwarranted invasion of personal privacy. Moreover, releasing the portions of the pages that contain the identifying the names and contact information of Service personnel who were consulted in connection with Plaintiff's examination would constitute an unwarranted invasion of personal privacy. Maher Decl. ¶23.

The information withheld on these three pages does not shed light on the activities or operations of the Service, and the benefit to the public from release of this information, if any, is outweighed by the personal privacy interest of the individuals who are named on these pages. Maher Decl. ¶23. As a result, the Service has properly withheld one page in part pursuant to

Exemption 6 and 7(C). *Id.* at ¶22-23. It has additionally properly withheld two pages in part pursuant to Exemption 6. *Id.* at ¶23.

    D. <u>The Service is Properly Withholding Two Pages in Part Pursuant to FOIA Exemption 7(E).</u>

The portions of the two pages that the Service is withholding in part pursuant to Exemption 7(E) are printouts from Plaintiff's account transcript, which were printed from the Master File System.[6] Maher Decl. ¶24. The withheld portions of these two pages contain DIF scores. *Id.* at ¶18, 24. Plaintiff has received redacted versions of these pages. *Id.* at ¶18.

The Service "has broad authority . . . to withhold records or information based upon Section 552(b)(7)(E)." *George v. I.R.S.*, No. C05-0955 MJJ, 2007 WL 1450309, *1 at *7 (N.D.Cal. May 14, 2007) (citing five cases upholding the Service's right to withhold DIF scores, audit guidelines, and tolerances, including *Pully*, 939 F.Supp. 429, 438). The two pages were withheld in part pursuant to Exemption 7(E) consist of fraud indicators applied to particular return information. *See* Armstrong Decl. ¶8; Maher Decl. ¶25. Releasing these DIF scores would provide insight into the Service's audit and fraud detection methods, allowing Plaintiff – and anyone else this information is shared with – to frustrate future investigations. Maher Decl. ¶18, 25. Disclosing DIF score information would allow Plaintiff insight into techniques and procedures for conducting investigations that are not generally known to the public. *Id.* at ¶25. As a result, the Service has properly withheld these two pages in part pursuant to Exemption 7(E).

---

[6] These two pages have additionally been withheld in part pursuant to Exemption 3 in conjunction with 26 U.S.C. §6103(b)(2). *See supra*, Part A.

## **CONCLUSION**

The Service respectfully requests that its motion for summary judgment be granted, and that judgment be entered in favor of the Internal Revenue Service.


DATE: March 2, 2015

DANA J. BOENTE
United States Attorney

/s/R. Joseph Sher
R. JOSEPH SHER
Assistant United States Attorney
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, VA 22314
Tel: (703) 299-3747
Fax: (703) 299-3983
Email: joe.sher@usdoj.gov

CAROLINE D. CIRAOLO
Principal Deputy Assistant Attorney General

/s/Kavitha Bondada
KAVITHA BONDADA
Trial Attorney, Tax Division
United States Department of Justice
Post Office Box 227
Ben Franklin Station
Washington, D.C. 20044
Telephone: 202.307.6536
Fax: 202.514.6866
Email: kavitha.bondada@usdoj.gov
*Counsel for the Internal Revenue Service*