UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

SOLERS, INC., Plaintiff,

vs.

INTERNAL REVENUE SERVICE, Defendant.

Civil Action No. 1:14cv1548

Alexandria, Virginia
May 15, 2015
10:09 a.m.

TRANSCRIPT OF MOTIONS HEARING
BEFORE THE HONORABLE LEONIE M. BRINKEMA
UNITED STATES DISTRICT JUDGE

APPEARANCES:

FOR THE PLAINTIFF: MARIAM W. TADROS, ESQ.
Rees Broome, PC
1900 Gallows Road, Suite 700
Tysons Corner, VA 22182

FOR THE DEFENDANT: R. JOSEPH SHER, AUSA
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, VA 22314
and
KAVITHA BONDADA, ESQ.
United States Department of Justice
Tax Division
P.O. Box 227
Ben Franklin Station
Washington, D.C. 20044

OFFICIAL COURT REPORTER: ANNELIESE J. THOMSON, RDR, CRR
U.S. District Court, Fifth Floor
401 Courthouse Square
Alexandria, VA 22314
(703)299-8595

(Pages 1 - 7)

COMPUTERIZED TRANSCRIPTION OF STENOGRAPHIC NOTES

P R O C E E D I N G S

THE CLERK: Civil Action 14-1548, Solers, Inc. v. Internal Revenue Service. Will counsel please note their appearances for the record.

MS. TADROS: Good morning, Your Honor. Mariam Tadros here on behalf of the plaintiff, Solers, Inc.

THE COURT: Good morning.

MR. SHER: Good morning, Your Honor. Joseph Sher on behalf of the Service. With me is Kavitha Bondada of the Department of Justice's Tax Division. Ms. Bondada will present the government's position with the Court's permission.

THE COURT: All right. Well, I'm not sure I need to hear much argument. This has been extensively briefed, and as you know, in order to make sure that I could get a good handle on this case, frankly, because there were so few documents, I would normally not do this in a FOIA case, but it was down to about 12 documents, we ordered, as everyone knows, the government to come forward and make an ex parte in camera presentation.

I'm going to keep those materials in the permanent file of the Court so they're there for any appellate purposes, but that enabled the Court to review them directly so that any issue about an inadequate Vaughn Index, I think, is completely eradicated because the documents have been thoroughly reviewed.

What is left in this case are six pages of documents

that were withheld in full and six pages that were produced to the plaintiff but with redactions. So the issue there is whether the redactions are appropriate.

The IRS has argued that it can withhold two pages in part; that is, it can prevent two of those, sets of -- two pages of those redactions because what they contain are the DIF scores, and the plaintiff has agreed that the DIF scores are not something that's appropriate to be revealed. So on those two redactions, there is no problem, and I did check, and that is what, in fact, is redacted.

The IRS then argues that it can withhold two pages in full because those are a summary report written by the revenue agent, and then there's a graph containing third-party information, and that that would fall under Exemption 3 of FOIA as well as 6103(a) of Title 26. Those two documents do contain identifying information for third parties, and again, I have reviewed both of them, and therefore, the defendant's position is correct in terms of not disclosing those.

Then the IRS argued that it can withhold six pages in full, and those consist of four pages of handwritten notes, and I have to tell you, they're almost indecipherable. Every now and then, you can maybe make out a word, so I'm not sure what, if any, value they would give the plaintiff anyway, but from the bit I can tell, they're obviously the notes of the revenue agent, and, you know, I assume that agent could read his own

notes or her own notes and know what they said, but again, I believe that those are properly withheld under FOIA as under Exemption 5, because they do represent the thought process. Obviously, they would represent the key or salient points that that agent was writing down.

So they either reflect the mental processes of the revenue agent and thoughts on possible direction of the investigation, or they reflect an area where the revenue agent sought relevant legal advice, and therefore, summary judgment is appropriate in that respect.

And then the remaining three pages, which again were redactions, the government employs Exemptions 6 and 7(c) because the relevant documents contain again identifying information of other individuals. There are names of some people. They are the type of report, 1040, that was being reviewed.

And I know you've argued that sometimes a person can waive privacy, but that's an interesting problem because in order to know that you can waive, the IRS would have to identify the person, and that's what they really can't do, and so I would think the only thing you could possibly do is if you believe you know who those persons might be -- and, Mr. Sher, you can correct me on this -- if Mr. X were to say, "I believe one of my records might have been looked at by the IRS, and I waive any privacy rights that I have to that," would that not

then at least as to that particular exemption absolve the IRS or render that particular exemption no longer in effect?

MS. BONDADA: Yes, Your Honor.

THE COURT: All right. So that would be the way of resolving that. If there are some employees or owners of your entity or third parties who you think might be relevant to this case and you believe that those persons might be the ones -- and I think there are only two or three names that I recall seeing here that are within this area of withheld information -- provide that to the government in whatever form is needed, I would assume it would be an affidavit or something from that individual, and then you've got on the record that they will no longer withhold that piece of information.

MS. TADROS: If I may be heard on that point, Your Honor?

THE COURT: Yes.

MS. TADROS: We've actually, we've guessed at the three names, and we provided three authorizations to the government around the same time that we filed our latest filing. So to the extent that that -- their information is contained within those documents, we think that they should be released.

THE COURT: Have you-all checked into that? Does that change my ruling on any of the redacted materials?

MS. BONDADA: So, Your Honor, the forms that we

actually received were power of attorney forms, and they're not typically the forms that the Service would use to release 6103 information, and the forms that we received were not signed by the attorneys who were receiving that power of attorney, and as a result, at this time, the Service is reviewing these forms to determine whether or not it can release the information.

THE COURT: But just tell me, are they the proper people, if you recall? Do they match the names we're talking about in these documents?

MS. BONDADA: So, Your Honor, with all due respect, I can't confirm or deny whether or not they're the proper people without the proper authorization form. Unfortunately --

THE COURT: You've already revealed the names to me in camera. I know who the names are because I saw the documents.

MS. BONDADA: Yes, Your Honor, but opposing counsel hasn't seen the documents.

THE COURT: Right, but you're not telling me their names. You're just saying to me among -- oh, I see what you're saying. Yeah, all right, you can't do that.

MS. BONDADA: I'm sorry, I can't answer that.

THE COURT: Okay. Well, you know what to do, all right? But anyway, I'm granting the motion for summary judgment, and that will end this litigation, I believe, correct?

MS. TADROS: Yes, Your Honor.

THE COURT: Thank you.

MS. TADROS: Thank you.

(Which were all the proceedings had at this time.)

CERTIFICATE OF THE REPORTER

I certify that the foregoing is a correct transcript of the record of proceedings in the above-entitled matter.

/s/
Anneliese J. Thomson